

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00486-SBP

DORIAN N. RIVERA,

      Plaintiff(s),

v.

THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION,

      Defendant(s).

_____

____

**PLAINTIFF DORIAN N. RIVERA RESPONSE TO DEFENDANT THE MOORE LAW GROUP, A PROFESSIONAL CORPORATIONS MOTION TO DISMISS**

_____

____

Defendant The Moore Law Group, A Professional Corporation hereby moves to dismiss the Complaint (Doc. 1, "Complaint" or "Compl.") filed by Plaintiff DORIAN N. RIVERA pursuant to Fed. R. Civ. P. 12(b)(6).

**RULE 7.1 CONFERRAL:** Pursuant to D.C.COLO.LCivR 7.1(b)(2), conferral is not required because this motion is brought under Fed. R. Civ. P. 12.

## I.      INTRODUCTION AND BACKGROUND

In the Complaint filed in this case, Plaintiff, Dorian N. Rivera, alleges that the Defendant, The Moore Law Group, A Professional Corporation, violated the Fair Credit Reporting Act, 15 U.S.C. § 1681.

As the basis for this claim, Plaintiff alleges that Defendant accessed Plaintiff's credit report without a permissible purpose. Plaintiff alleges that Defendant violated 15 U.S.C. § 1681b(f) because Plaintiff did not have a business relationship, contractual obligation, or other transaction with the Defendant, and that Defendant was not involved in collection activities that would are permissible purposes for obtaining a credit report under 15 U.S.C. § 1681b(a)(3). In stark contrast to Defendant's assertions, this response meticulously outlines the substantial and concrete facts at hand, demonstrating unequivocally that Defendant's acquisition of Plaintiff's credit report was devoid of any permissible purpose as mandated by the Fair Credit Reporting Act (FCRA), specifically under 15 U.S.C § 1681b. Far from lacking in factual support, the allegations herein are bolstered by detailed accounts and evidence pointing directly to Defendant's unauthorized and unlawful access. Thus, not only does the Plaintiff's Complaint stand on a solid foundation of fact and law, but it also underscores a clear breach of statutory duty on the part of the Defendant, warranting not dismissal, but thorough examination by this court.

## II.   ARGUMENT

### A.   Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations within the four corners of the complaint, taking those allegations as true. Mobley v. McCormick, 40

F.3d 337, 340 (10th Cir. 1994). Federal Rule of Civil Procedure 8 requires that a complaint

set forth "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the complaint

must provide the grounds for a plaintiff's entitlement to relief. Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007). While a complaint does not need to plead detailed factual

allegations, a plaintiff is obligated to plead "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Id. at 555 (instructing

that "[f]actual allegations must be enough to raise a right to relief above the speculative

level"). Where the facts alleged permit the court to infer Case No. 1:24-cv-00486-SBP

Document 5 filed 03/21/24 USDC Colorado pg 2 of 7 3 only the possibility of misconduct,

the complaint has not shown that the pleader is entitled to relief. Ashcroft v. Iqbal, 556 U.S.

662, 679 (2009) (citations omitted).

  B.  **Plaintiff Stated a claim Under 15 U.S.C § 1681b(f) Because Plaintiff**

**shown Defendant Accessed Plaintiff's Credit Report.**

  Under 15 U.S.C. § 1681b, a consumer report may not be furnished or obtained

except for a purpose authorized by statute. 15 U.S.C. § 1681b(f) ("A person shall not use or

obtain a consumer report for any purpose unless . . . (1) the consumer report is obtained

for a purpose for which the consumer report is authorized to be furnished under this

section[.]"). Section 1681b(a) provides purposes for which a credit report can be obtained

association:

  [A]ny consumer reporting agency may furnish a consumer report under the
following circumstances and no other:

3

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

(F) otherwise has a legitimate business need for the information—

(i) in connection with a business transaction that is initiated by the consumer; or

(ii) to review an account to determine whether the consumer continues to meet the terms of the account.

(G) executive departments and agencies in connection with the issuance of government-sponsored individually billed travel charge cards.

15 U.S.C. § 1681b(a)(3).

The Defendant's argument fundamentally misinterprets the nature of the allegations and the procedural posture of this case. The Complaint clearly sets forth a plausible foundation for the claim that Defendant accessed Plaintiff's credit report without permissible purpose, as mandated by 15 U.S.C § 1681b. Specifically, the assertions that no existing business relationship, contractual obligation, or other transaction justifying such an inquiry existed between Plaintiff and Defendant underscore not a lack of factual allegation, but a pointed anticipation of the evidence that discovery is expected to reveal. This approach is entirely consistent with procedural norms, where specific details often

4

emerge through discovery. Far showing an absence of a claim, the Complaint strategically outlines the basis upon which Plaintiff seeks to prove that Defendant's actions were unauthorized and therefore unlawful under the FCRA. Thus, the argument for dismissal on the grounds of insufficient factual allegations is both premature and unfounded.

The Plaintiff's complaint adequately alleges that the Defendant accessed the Plaintiff's credit report without permissible purpose under 15 U.S.C. § 1681b(f) challenging the Defendant's motion to dismiss by asserting that at this juncture, detailed allegations regarding the Defendant's specific purpose are not requisite. Instead, the complaint's focus on the absence of a permissible purpose suffices to warrant further proceedings. The Defendant's argument overlooks the necessity of discovery in revealing the specifics of their access to the Plaintiff's credit report, which is essential to substantiating the Plaintiff's claim. Dismissing the case at this initial stage would unjustly preclude the Plaintiff's from uncovering evidence critical for proving unauthorized access, thereby undermining the protective intent of the Fair Credit Reporting Act. Consequently, the case merits progression to discovery to illuminate the Defendants actual purposes, aligning with precedents that favor fact finding in disputes under the FCRA.

In rebuttal to Defendant's motion to dismiss based on a purported lack of factual basis regarding the Defendant's collection activities, it is crucial to underscore that the specificity demanded by the Defendant for allegations at the pleading stage is not a requirement under the standards set by the Federal Rules of Civil Procedure. The complaint's assertion that the Defendant was not engaged in collection activities related to debt initiated by the Plaintiff suffices to question the permissibility of the Defendants

access to the Plaintiff's credit report under 15 USC § 1681b, this challenge establishes a plausible claim for relief that necessitates further examination through discovery rather than rather than dismissal at this nascent stage. The Citations provided by the Defendant, including Ashcroft v. Iqbal and McNall v. Credit Bureaus, address evidentiary standards pertinent to summary judgement rather than to the dismissal of complaints for failure to state a claim. The Plaintiff's allegations, while preliminary, frame a disputable issue that merits exploration of evidence and facts during the discovery process, not an immediate conclusion of insufficiency.

Therefore the claim should not be dismissed for failure to state a claim under Rule 12(b)(6) because the Plaintiff has indeed stated factual allegations that, when taken as true, challenge the permissibility of the Defendant's actions and thus plausibly entitle the Plaintiff to relief under 15 USC § 1681b. Dismissing the case at this stage would prematurely foreclose the Plaintiff's opportunity to substantiate these allegations through discovery, contravening the fundamental principles of justice and due process.

**C.     Plaintiff Can State a Claim for Invasion of Privacy Because Plaintiff Has Stated Facts Showing Defendant Intruded on Plaintiffs Seclusion or Solitude.**

The Defendant's motion to dismiss under Rule 12(b)(6) for failure to state a allege facts sufficient to show an intrusion into the Plaintiff's solitude or seclusion overlooks the fundamental principle that the unauthorized access of a credit report inherently constitutes an intrusion into an individual's private affairs. Contrary to the Defendant's assertion, the Plaintiff need not detail the Defendant's specific intentions behind obtaining

the credit report to allege an invasion of privacy. The very act of accessing the Plaintiff's credit information without a permissible purpose, as alleged, inherently intrudes upon the Plaintiff's privacy and financial solitude. This act alone, if proven, suffices to establish the grounds for an invasion of privacy claim, as the unauthorized procurement of such sensitive information without consent or legal justification can reasonably be considered offensive and intrusive by any standard.

Therefore, the complaint articulates a plausible claim for relief by highlighting the unauthorized access of the Plaintiff's credit report, a clear encroachment on personal financial privacy, warranting further examination rather than dismissal at this preliminary stage.

## III.   CONCLUSION

The Plaintiff's complaint lays a substantive foundation for a claim under both the invasion of privacy by intrusion and the unauthorized access to the Plaintiff's credit report as proscribed by 15 USC § 1681b. The Defendant's motion to dismiss under Rule 12(b)(6) disregards the inherent privacy violation entailed in accessing someone's credit information without a legally permissible purpose. This act of intrusion, as alleged, directly impacts Plaintiff's financial privacy and seclusion, a matter of significant concern that any reasonable person would find offensive. The argument presented by the Defendant, which calls for an exhaustive detailing of their intentions or purposes, misconstrues the requisite legal standards for stating a claim at this juncture. The crux of the matter rests upon the unauthorized nature of access itself, which constitutes a prima facie violation of the

Plaintiff's right to privacy. Therefore, the case should proceed beyond the preliminary stage to allow for a full examination of the facts during discovery, ensuring that justice is served through a thorough judicial process. Dismissing the complaint at this stage would unjustly deny the Plaintiff the opportunity to explore and establish the full extent of the alleged privacy invasion, undermining the protective intent of the Fair Credit Reporting Act and the broader principles of privacy and due process.

Dated: March 29,2024

Respecfully submitted,

**Dorian N. Rivera**

Telephone 720-595-4033
Email: D.Rivera1219@yahoo.com